CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00075 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| B. CALTON, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff James Williams, an inmate proceeding pro se, has filed this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that prison officials at the United States Penitentiary (USP Lee) in Jonesville, Virginia, violated his constitutional rights in several respects. After initial screening under 28 U.S.C. § 1915A(b)(1), the following claims remain before the court: (1) Officer B. Calton used excessive force against Williams on February 12, 2008, and (2) Counselor LaLonde stole legal documents critical to Williams' state habeas corpus proceedings.[1] These defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment, to which Williams has responded.[2] For the reasons that follow, plaintiff's access to courts claim will be dismissed

---

[1] Williams' pleadings refer to this defendant as "Laloude." Defendants' motion indicates that the official's name is "LaLonde."

[2] Williams has filed a pro se response to defendants' motion, but he also moves for appointment of counsel to assist him in filing a more complete response to the motion for summary judgment as to the excessive force claim. For reasons stated herein, the court does not find appointment of counsel to be warranted, but will not consider the defendants' motion to be ripe as to the excessive force claim.

without prejudice, and the defendant's motion for summary judgment will be granted in part and denied in part, as premature.

## I. Motion to Dismiss

The defendants assert that the access to courts claim must be dismissed. Upon review of the record, the court agrees.

### A. Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. See, e.g., Bell Atl. Corp. v. Twombly, 553 U.S. 544, 553-63 (2007). "[T]he complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1940 (2009). On consideration of a motion to dismiss, a court must view the facts in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarrantano, 521 F.3d at 302 (omitting internal quotations).

### B. Applicable Law Regarding Access to Courts

To state a cause of action under Bivens, an individual must prove that he suffered harm as a result of constitutional violations committed against him by federal officials. 403 U.S. at 397. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983, which authorizes civil actions against state officials in their personal capacities for violations of constitutional rights. Case law

involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839 (1994); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).

Inmates have a guaranteed right to reasonable access to both state and federal courts, and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" and other materials necessary to pursuit of litigation. Bounds v. Smith, 430 U.S. 817, 828 (1977).

Where an inmate has had access to court, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation, such as specific legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996). Stated differently, an inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions; rather, he must show that he was unable to file the initial petition or that a petition he filed was so technically deficient that it was dismissed without consideration of the merits. Id. at 351. The fact that an inmate may not be able to

litigate in exactly the manner he desires, once a known claim is brought before the court, is not sufficient to demonstrate the actual injury element of an access to courts claim.³ Id. at 354.

## C. Williams' Allegations

Williams alleges the following events relevant to his claim that LaLonde interfered with his right to access the courts. In the original complaint, he alleged that on June 25, 2008, he "handed [Lalonde] a packet of legal documents . . . for photocopying.[sic] which contained BP10 and attached exhibits for copying. [LaLonde] removed the BP10 and exhibits never to return them." (DE 1, p. 9.) The court conditionally filed the complaint, advised Williams that his allegations failed to state constitutional claims, and granted him an opportunity to amend the complaint to provide additional information about his claims, including but not limited to "specific harm caused to his litigation efforts." (DE 3, p. 2.)

In the amended complaint, Williams alleged that he delivered to Lalonde and others materials related to his state court habeas proceedings to mail to his attorney in Pennsylvania, but the attorney never received them. He asserted that the lost items included "original documents, photos, confidential notes of defense strategies, leads for investigation, and identification of issues warranting habeas corpus" and that their loss "caused irreparable damage" because strategies "had to be changed," and resources were wasted, including time, effort, and postage for drafting and mailing of legal briefs and correspondence. (Id., p. 10 n. 3.) Williams also alleged

---

³ In Lewis, the Court rejected the notion that an inmate's right to access the court from prison required the state "to enable the prisoner to discover grievances, and to litigate effectively once in court." 518 U.S. at 354. The court noted that "[t]o demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." Id.

in the amended complaint that about June 25, 2008, LaLonde stated, "I removed those missing documents from your legal materials."[4] (Id., p. 10.) In screening the complaint as amended, pursuant to § 1915A(b)(1), the court stated, "In an abundance of caution, the court will allow this [access to courts claim against LaLonde] to go forward," and this claim was not dismissed under § 1915A(b)(1) as were many of Williams' claims. (DE 13, p. 11.)

**D. Discussion**

In their current motion, defendants argue, among other things, that this claim should be dismissed, because Williams' allegations as a whole are insufficient to state the actual injury element of a constitutional claim of denial of access to the court. In response, Williams states that as to this claim, "I remain and rest on my initial claims made against [LaLonde] as true and supported by clear and convincing evidence."[5] (DE 32, ¶ 8(D).)

The court agrees that Williams fails at present to state an actionable claim against LaLonde. Williams does not allege with any specificity what items he was missing–what original documents and photographs were lost or what the strategy notes included. Moreover, even if he could prove what these items were and that LaLonde took them, Williams fails to allege facts demonstrating that the loss of these items caused any significant harm to his litigation efforts. At the most, he alleges that his strategy had to be changed and he was inconvenienced by the extra effort in redrafting portions of his materials and the repetitive costs for paper and

---

[4] LaLonde denies that he removed any legal documents from the stacks of material that Williams asked him to photocopy. LaLonde admits that he removed copies of administrative remedy forms that Williams sometimes included with his legal documents, because inmates were not allowed to stockpile such forms.

[5] Williams does not submit any additional allegations or affidavits particularizing the facts in support of this claim, nor does he indicate that his response to defendants' motion regarding this claim is incomplete in any way.

postage. His allegations do not indicate that the absence of the missing documents left him unable to present any particular, viable habeas claim or caused any portion of his petition to be dismissed as deficient. On the contrary, according to his most recent submission, his state habeas case is set for an evidentiary hearing on March 21, 2011. As Williams' many submissions fail to forecast evidence on which he could prove that LaLonde's actions deprived him of the ability to prepare meaningful pleadings in his habeas action, he fails to satisfy the "actual injury" requirement of his access to courts claim under Lewis. Because the upcoming hearing in the state court habeas proceedings could, conceivably, render additional information in support of Williams' claim of interference with his right to access the court, however, the court finds it appropriate to grant defendants' motion to dismiss and dismiss this claim without prejudice.

## II. Motion for Summary Judgment

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### A. Defendant B. Calton

Williams alleges that on February 12, 2008, when he refused to comply with B. Calton's order that he enter a designated cell in the segregated housing unit (SHU), Calton forced him into

the cell, "slamm[ed him] into the cell door, then forcibly slammed [him] into the floor causing [him] to lose conscious[ness]" and suffer various physical injuries. (DE 11, p. 14.) Defendants offer evidence that B. Calton did not work in the SHU at USP Lee on February 12, 2008, and was not on duty in any part of the prison on that date, because it was his day off. Williams does not dispute this evidence and now claims that he was mistaken as to this defendant's identity. Accordingly, as to the claim of excessive force against Defendant B. Calton, the motion for summary judgment must be granted.

### B. Amendment to Add Defendant L. Calton

Defendants' evidence indicates that the officer involved in the use of force against Williams on February 12, 2008 was L. Calton, the brother of B. Calton. This officer is not a party to the lawsuit, but prepared an affidavit about the incident in support of defendants' motion. In his response to defendants' motion, Williams moves to amend the complaint to name L. Calton as a defendant to his claim that this officer used excessive force against him on February 12, 2008. He offers no explanation for his failure to name the correct Calton brother to the claim from the start. Nevertheless, the court finds that the amendment to name L. Calton as the defendant to the excessive force claim is properly granted.

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure allows an amendment changing the name of a party to relate back to timely filed pleadings when the party identified in the amendment "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The requirements of the rule are clearly met in this case. L. Calton filed an affidavit in support of his brother's motion for summary

judgment, demonstrating that he had notice of the lawsuit at or near the same time that his brother did. L. Calton admits in the affidavit that he was assisting Officer Webb when Williams was taken to the floor on February 12, 2008. The affidavit indicates this officer's knowledge that he would have been named a defendant to the claim concerning this incident, but for Williams' mistake about which brother was involved. Moreover, given L. Calton's early involvement in the lawsuit, the court finds no respect in which Williams' mistake in naming his defendants prejudiced L. Calton's ability to defend on the merits of the claim. For the stated reasons, the court finds that the amendment to name L. Calton as a defendant relates back to the original complaint, pursuant to Rule 15(c)(1)(C). Accordingly, the court will grant Williams' request (DE 32, ¶8(B)) to amend his complaint to name Officer L. Calton as the defendant to the excessive force claim.

## C. The Excessive Force Claim

Defendants move for summary judgment on the excessive force claim, regardless of the defendant involved, on grounds that Williams failed to exhaust administrative remedies or, in the alternative, on the merits. Upon review of the record, the court finds, however, that the motion for summary judgment is not yet ripe for disposition for several reasons.

First, Williams asserts that he has not yet been afforded an opportunity to engage in discovery. Among other things, he seeks production of videotape footage of the February 12, 2008 incident that he says will corroborate his version of events.[6] Williams is entitled to engage

---

[6] The court will direct defendants to take steps to ensure that any existing videotape footage of relevant events on February 12, 2008 is preserved and that plaintiff may view such footage, absent legitimate security reasons that he should not. Plaintiff's other pending discovery request, however, must be denied at this time. Plaintiff is advised that once L. Calton is served and has answered, plaintiff may serve appropriate requests for discovery on him at that time.

in discovery before the court addresses the defendants' arguments on summary judgment. Celotex, 477 U.S. at 322.

Second, Williams asserts that his current response to defendants' arguments concerning the excessive force claim are necessarily incomplete, because he has no access to his legal materials related to this case. Williams explains that he is currently housed in a local jail in Pennsylvania, pending the March 21, 2011 hearing in his state court death penalty habeas proceedings. When he was transported away from the federal prison in California, his legal materials related to this civil rights case were placed in storage until his return to federal custody. Currently, he has no access to these documents, including affidavits from inmate witnesses, that he needs to prepare a response to defendants' summary judgment argument on excessive force.

The court concludes that Williams has demonstrated reasons that the motion for summary judgment cannot be addressed at this time. His proposed solution to this problem is for the court to appoint counsel to handle this case, while Williams himself concentrates on the state habeas case. Only under exceptional circumstances does the court request an attorney to represent an indigent, civil plaintiff who has a colorable claim, but lacks the capacity to present it. Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The court cannot require counsel to represent an indigent, pro se civil plaintiff, as the court has no authority to compensate an attorney for the work done on such a case. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989). While Williams' circumstances limit his ability to prepare a complete response in this case at this time, if granted additional time to do so, he has demonstrated the capacity to present facts and legal arguments in support of his claims. Accordingly, the court cannot find that appointment of counsel is warranted at this time.

Rather, the court finds it appropriate to deny as premature the pending motion for summary judgment regarding the excessive force claim. The current motion was filed by B. Calton and J. LaLonde, neither of whom has any remaining interest in the motion. On the other hand, the court has granted Williams' motion to amend to add L. Calton as a defendant and by separate order, will arrange for service of process on this defendant. Once Calton is served, he may file his own motion for summary judgment, and if warranted by his circumstances at that point, Williams may move for additional time to prepare a response.

### III. Conclusion

For the stated reasons, the court concludes as follows: 1) the defendants' motion to dismiss plaintiff's access to courts claim will be granted, and the claim will be dismissed without prejudice; 2) defendants' motion for summary judgment will be granted as to all claims against B. Calton; 3) defendants' motion for summary judgment as to plaintiff's excessive force claim will be denied as premature; and 4) plaintiff's motion to amend to add L. Calton as a defendant to the excessive force claim will be granted. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 28th day of January, 2011.

/s/ Jure Conrad

Chief United States District Judge