CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS, | ) | CASE NO. 7:10CV00075 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| L. CALTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

James Williams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant, L. Calton, a correctional officer at the United States Penitentiary Lee County (USP Lee), used excessive force against him. The court denied defendant's motion for summary judgment, both as to the merits of Williams' claims and as to Calton's asserted defenses of failure to exhaust administrative remedies and qualified immunity. The case is scheduled for a jury trial in November 2011. Calton now moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(h)(2), asserting that the complaint must be dismissed because he is entitled to qualified immunity, because Williams' submissions admit his failure to comply with officers' orders and give differing accounts of his injuries. The court finds no merit to the motion.

## II

Under Federal Rule of Civil Procedure 12(h)(2), a motion to dismiss for failure to state a claim upon which relief can be granted can be filed at any time after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(h)(2). The standard of review for a motion under Rule 12(c) is the same standard as for a motion pursuant to Rule 12(b)(6). Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

Thus, the motion tests the legal sufficiency of complaint's allegations and may be granted only if the court concludes that the complaint "does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 553 U.S. 544, 570 (2007)).

The defense of qualified immunity shields government officials from liability for civil damages unless (1) the evidence establishes the violation of a constitutional right, and (2) the right at issue was clearly established at the time of the alleged misconduct. Doe v. South Carolina Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010). See also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The court may choose a case-appropriate sequence in which to address these two prongs of the qualified immunity analysis. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

## II

Williams' claim of excessive force against Calton has survived several rounds of judicial review. See Williams v. Calton, No. 7:10CV00075, 2010 WL 3785786 (W.D. Va. Sept. 28, 2010) (declining to dismiss excessive force claim under 28 U.S.C. § 1915A(b)(1)); Williams v. Calton, No. 7:10CV00075, 2011 WL 320813 (W.D. Va. Jan. 28, 2011) (denying summary judgment without prejudice as to excessive force claim, pending completion of discovery); Williams v. Calton, No. 7:10CV00075, slip opinion (W.D. Va. April 27, 2011) (denying summary judgment for L. Calton upon finding genuine material disputes as to exhaustion of administrative remedies, amount of force, need for degree of force, extent of injuries suffered, and qualified immunity).

As indicated, the court previously denied Calton's motion for summary judgment on the ground of qualified immunity. Williams v. Calton, No. 7:10CV00075, April 27, 2011 slip

2

opinion. The court explicitly found that Williams' allegations satisfied the subjective and objective aspects of the two-part inquiry to be conducted in analyzing an Eighth Amendment excessive force claim under Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)):

> In this case, Williams has asserted that, upon seeing the conditions of the cell into which he was about to be ushered, he balked at entering it and verbally requested that he be transferred to a different cell. He also alleges that, in response to his hesitation, Calton slammed Williams against the wall of the cell and then head-first onto the cell's floor, where Williams sustained several injuries and regained consciousness in a pool of his own blood. There is no dispute that Williams was handcuffed during all of these events. For the purposes of this motion, where the court must view all the facts and inferences in the light most favorable to Williams, the court must conclude that he has alleged sufficient, specific facts from which a reasonable jury could infer that Calton acted "maliciously and sadistically for the very purpose of causing harm." . . . Although the court acknowledges that "due deference" must be given to prison officials' efforts to restrain resisting inmates, . . . Williams has alleged facts which suggest that the amount of force used against him was significant, that there was little need for this high degree of force to be used against him, and that he incurred substantial injuries as a result of Calton's untempered, forceful response to his limited resistance. . . . Accordingly, Williams has produced sufficient evidence from which, if believed, a jury could reasonably infer that he suffered a constitutional deprivation at the hands of Calton.

Williams v. Calton, No. 7:10CV00075, slip opin. at 7-8 (omitting quotations). See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999).

The court also ruled expressly against Calton's assertion on summary judgment that he was entitled to qualified immunity in light of Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis"). Williams v. Calton, No. 7:10CV00075, slip opin. at 8-10. Calton contended on summary judgment, as he does here, that because his use of force against Williams on January 12, 2008 occurred while Norman, rather

3

than Wilkins, was controlling precedent in the Fourth Circuit, he was not on notice that his conduct was unconstitutional and was entitled to qualified immunity.

The court ruled against him, finding that even before the Wilkins decision issued in 2010, "the right was clearly established so as to give Calton "fair warning" that his actions against Williams were unconstitutional. Williams v. Calton, No. 7:10CV00075, slip op. at 8-10. Specifically, the court stated:

> Calton's claim boils down to an assertion that, prior to Wilkins, he could escape liability even where he acted maliciously and sadistically for the purpose of causing Williams harm, so long as Williams fortuitously avoided non-de minimis injury. This is a dubious conjecture, even at the time that the incidents in this case occurred, given that the Supreme Court had established prior to Norman that the "core judicial inquiry" with respect to Eighth Amendment excessive force claims centers upon the officers' subjective intent. Hudson, 503 U.S. at 7; Jackson v. Fletcher, 2011 WL 197954, at *9 (W.D. Va. Jan. 18, 2011) (unpublished); McKinney v. Johnson, 2010 WL 3463110, at *4 (D. S.C. Sept. 2, 2010) (unpublished). . . . . But in any event, the court cannot conclude that, even under the Norman regime, the catalogue of injuries alleged by Williams were merely de minimis. Accord Bell v. Johnson, 2011 WL 1226003, at *8 n. 4 (W.D. Va. March 30, 2011) (unpublished); Owens v. Jefferson, 2010 WL 3170148, at *6 (D.S.C. May 4, 2010) (unpublished). Accordingly, Calton is not entitled to qualified immunity with respect to Williams' excessive force claim. His motion for summary judgment must therefore be denied.

Williams v. Calton, No. 7:10CV00075, slip op. at 10.

Calton now asks the court to revisit his asserted qualified immunity defense and dismiss the excessive force claim under Rule 12(c) for the following reasons:[1]

> 1. In stating and restating his claim in various submissions, Williams' "repeated changes to and failure to state with specificity, except for the cut on his head, the injuries allegedly caused by Defendant constitute a failure to adequately plead his claim" under Twombly, 550 U.S. 544;

> 2. Plaintiff's "improper pleading prejudices [Calton's] ability to defend this lawsuit because [he] cannot possibly know, except for the cut to the back of [Williams's] head, [so the court "should dismiss any claims of injury other than the cut to the back of [Williams'] head"; and

---

[1] See Motion for Judgment on the Pleadings, Dkt. No. 64 at 4.

4

3. "[T]he cut sustained during the use of force is de minimis, under the law existing at that time Defendant has qualified immunity."

These claims for judgment on the pleadings are foreclosed by the court's previous rulings rejecting the defendant's summary judgment arguments for qualified immunity under Norman. The court explicitly found that given plaintiff's allegations, taken as a whole and in the light most favorable to him, the defendant could not reasonably have believed that his actions did not cross constitutional boundaries and violate Williams' right to be free from cruel and unusual punishment. Williams v. Calton, No. 7:10CV00075, slip op. at at 10.

Rather, Calton's current motion is more appropriately titled as a motion for reconsideration of the court's prior ruling that material disputes of fact remain as to his asserted defense of qualified immunity. In support of the court's revisitation of this issue, Calton cites two recent decisions in which a prison official defendant was granted qualified immunity based on Norman and its progeny as to conduct that occurred before the February 22, 2010 decision in Wilkins. See Chambers v. Pennycook, 641 F.3d 898, 908 (8th Cir. June 6, 2011) (finding under the law at the time of the alleged excessive force, "a reasonable officer could have believed that as long as he did not cause more than de minimis injury to an arrestee, his actions would not run afoul of the Fourth Amendment."); Morva v. Johnson, No. 7:09-cv-00515, 2011 WL 3420650, at *7, Kiser, J. (W.D. Va. Aug. 4, 2011) ("Clearly established law in this circuit during December 2007 required plaintiff experiencing actionable cruel and unusual punishment to suffer more than a de minimis injury or receive force 'repugnant to the conscience of mankind.'").

The decisions in Chambers and Morva are not controlling law that this court is bound to apply here. Moreover, both decisions address motions for summary judgment and not motions under Rule 12(c), and neither case involved alleged injuries to the inmate that required stitches. Because the court finds nothing in Calton's motion warranting judgment on the pleadings on the

5

issue of qualified immunity at this late stage of the proceedings or relief from the court's rulings in the April 27, 2011 opinion, the court will summarily deny the defendant's motion . An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 6th day of October, 2011.

/s/ Glen Conrad
Chief United States District Judge